## In re Radvansky

*David H. Weiner*, for petitioners.

PER CURIAM, March 26, 1951.—When this case came before us for a hearing on March 5, 1951, it

appeared that an additional child had been born, and it also appeared in a certificate of the prothonotary that a chattel mortgage had been filed on January 24, 1951, showing an indebtedness of Alex W. Radvansky to the National Deposit Bank of Brownsville in the sum of $1,234 and costs.

Since section 4 of the Act of April 18, 1923, P. L. 75, provides that where the parents of minor children then under the care of the parents secure a decree changing the name of the parents, the new name of the parents shall thereafter be borne likewise by such minor child or children, it is essential that all minor children be named in the proceeding so that the record of authority of the children to bear the changed name shall exist. Where a child is born after the institution of the proceedings, this might be secured by amendment, but this has not been done.

Section 3 of the act above referred to requires that at the hearing there shall be presented to the court official searches of the proper offices of the county wherein petitioners reside or have resided within five years of the filing of the petition for change of name, showing "that there are no judgments or decrees of record or any other matter of like character against said petitioner or petitioners."

In this case the certificate of the prothonotary shows that there is of record a charge against one of the petitioners of like character to a judgment for a substantial sum.

We find no appellate court decisions regarding this matter. However, the decisions of the lower courts have been uniform that where such record exists, the petition must fail. This is a jurisdictional requirement and where such record obligations exist and appear on the certificate, the court cannot disregard the proviso in section 3 of the act above referred to: In re Change of Name of Kostzewa, 38 Luz. 72, 12 Somer-

set 149, 58 York 182; DeRenzo's Petition, 44 D. & C. 699.

And now, March 26, 1951, the application is refused without prejudice to petitioners' right to renew the same when the requirements of the act have been complied with.